Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

ABEL CORTES COHETERO,

            *Plaintiff*,

-against-

ALI 606 INC, ABDOH H. MOHAMED (a/k/a ABDUL MOHAMMED) and AHMED A. MOHAMMED.

            *Defendants*.

------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

Case No: 20-cv-4003

ABEL CORTES COHETERO ("Plaintiff") by and through his attorney, Colin Mulholland, Esq., as against ALI 606 INC, ABDOH H. MOHAMED (a/k/a ABDUL MOHAMMED) and AHMED A. MOHAMMED (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff is a former employee of Stop One Gourmet Deli at 606 Brighton Beach Ave Brooklyn, NY that was owned and operated by Defendants AHMED A. MOHAMMED, ABDOH H. MOHAMED (a/k/a ABDUL MOHAMMED) and ALI 606 INC.

2. Defendants own, operate, and/or controlled a deli called Stop One Gourmet Deli at 606 Brighton Beach Ave Brooklyn, NY 11235.

3. Plaintiff was employed by Defendants as a counterman and general laborer.

1

4.     At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours he worked each week.

5.     Further, Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which he had to work over 10 hours per day.

6.     Plaintiff now brings this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

9.     Plaintiff ABEL CORTES COHETERO ("Plaintiff CORTES") is an adult individual residing in Kings County, New York. Plaintiff CORTES was employed by Defendants at Stop One Gourmet Deli from approximately February 2019 through June 12, 2020.

10. ALI 606 INC is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 606 Brighton Beach Ave Brooklyn, NY.

11. Stop One Gourmet Deli was operated by a father and son team – Defendant ABDOH MOHAMED was the father and Defendant AHMED A. MOHAMMED was the son.

12. The father and son team operated the location together as part of a large three store family operation along Brighton Beach Avenue in which each of three stores was allotted to a son and overseen by the father.

13. Defendant AHMED A. MOHAMMED is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant AHMED A. MOHAMMED is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

14. Defendant AHMED A. MOHAMMED possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporation.

15. Defendant AHMED A. MOHAMMED determined the wages and compensation of the employees of Defendants, including Plaintiff.

16. Defendant AHMED A. MOHAMMED established the schedule of the Plaintiff.

17. Defendant AHMED A. MOHAMMED assigned daily work tasks to Plaintiff.

18. Defendant AHMED A. MOHAMMED supervised Plaintiff on a daily basis.

19. Defendant AHMED A. MOHAMMED issued pay to Plaintiff.

20. Defendant AHMED A. MOHAMMED disciplined Plaintiff.

21. Defendant AHMED A. MOHAMMED had the authority to hire and fire employees and in fact hired and fired Plaintiff.

22. Defendant ABDOH H. MOHAMED (a/k/a ABDUL MOHAMMED) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant ABDUL MOHAMMED is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

23. Upon information and belief, Defendant ABDOH H. MOHAMED ( a/k/a ABDUL MOHAMMED) possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

24. Defendant ABDOH H. MOHAMED (a/k/a ABDUL MOHAMMED) had the final word on raises in pay for the Plaintiff.

25. Defendant ABDOH H. MOHAMED (a/k/a ABDUL MOHAMMED) had the final word on changes in the schedule for the Plaintiff.

26. Defendant ABDOH H. MOHAMED (a/k/a ABDUL MOHAMMED) had the final word on all decisions relating to the business operations of Stop One Gourmet Deli.

27. Defendant ABDOH H. MOHAMED (a/k/a ABDUL MOHAMMED) supervised the employees and daily operations on days when Defendant AHMED MOHAMMED was required elsewhere, typically one to two times a week.

28. Defendant ABDOH H. MOHAMED (a/k/a ABDUL MOHAMMED) supervised the activities in Stop One Gourmet on a daily basis through remote security cameras and regularly called the store to reprimand workers or to convey instructions.

29. Defendant ABDOH H. MOHAMED was the person who initially called Plaintiff CORTES to work and hired him directly with Defendant AHMED A. MOHAMMED.

30. Defendant ABDOH H. MOHAMED (a/k/a ABDUL MOHAMMED) had the authority to hire and fire employees and did indeed hire and fire employees for Stop One Gourmet Deli.

31. Defendant ABDOH H. MOHAMED fired Plaintiff along with Defendant AHMED MOHAMMED and authorized the hiring of Plaintiff's replacement.

32. Defendant ABDOH H. MOHAMED controlled and/or supervised the payroll practices of Stop One Gourmet Deli.

## FACTUAL ALLEGATIONS

33. Defendant AHMED A. MOHAMMED possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

34. Defendant ABDOH H. MOHAMED (a/k/a ABDUL MOHAMMED) possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

35. Defendants are associated and joint employers, act in the interest of each other.

36. Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

37. Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

38. In the alternative, Defendants constitute a single employer of Plaintiff.

39. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

40. Upon information and belief, in each year from 2019 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

41. In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous food and cleaning items were used and sold daily at ALI 606 INC, such as alcohol, tobacco products, French fries, potatoes, breads, flour, eggs, milk, meats, and beverages, cleaning supplies, were produced outside the State of New York.

42. Plaintiff CORTES was individually engaged in interstate commerce by virtue of processing credit card payments on behalf of the business.

*Plaintiff ABEL CORTES COHETERO*

43. Plaintiff CORTES was employed by Defendants from approximately February 2019 through June 12, 2020.

44. Throughout his employment with defendants, Plaintiff CORTES was employed at the ALI 606 INC as a counterman, cook, dishwasher and general laborer.

45. Plaintiff CORTES regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

46. Plaintiff CORTES' work duties required neither discretion nor independent judgment.

47. Plaintiff CORTES regularly worked in excess of 40 hours per week.

48. Plaintiff CORTES worked for the Defendants six-days per week from 7:00 A.M. until approximately 5:00 P.M. each day (typically 60 hours per week).

49. Defendants paid Plaintiff at an hourly rate without a premium for his overtime hours.

50. Defendants paid Plaintiff $12 per hour from February of 2019 until June 2019.

51. From July 2019 until the end of his employ, Defendants paid Plaintiff $13 an hour.

52. No notification was given to Plaintiff CORTES regarding overtime and wages under the FLSA and NYLL.

53. Defendants never provided Plaintiff CORTES with each payment of wages a statement of wages, as required by NYLL 195(3).

54. Defendants never provided Plaintiff CORTES, any notice in English and in Spanish (Plaintiff CORTES's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

55. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

56. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

57. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

58. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

59. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

60. At all times relevant to this action, Defendants were Plaintiff CORTES'S employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff CORTES, controlled the terms and conditions of his employment and had the power to determine the rate and method of any compensation in exchange for his employment.

61. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

62. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

63. Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

64. Defendants' failure to pay Plaintiff CORTES at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

65. Plaintiff CORTES was damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW**

66. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

67. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

68. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

69. Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## NEW YORK STATE LAW MINIMUM WAGE CLAIM

70. Plaintiff CORTES repeats and realleges all paragraphs above as though fully set forth herein.

71. At all times relevant to this action, Defendants were Plaintiff CORTES' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

72. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff CORTES less than the minimum wage.

73. Defendants' failure to pay Plaintiff CORTES the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

74. Plaintiff CORTES was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

75. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

76. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

77. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

78. Plaintiff was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

79. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

80. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

81. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

82. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

83. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name

of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

84. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wages and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(g) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

(h) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

(j) Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(m) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(o) Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

    (p)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

    (q)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
       August 27th, 2020

                        By:    */s/ Colin Mulholland*
                                 Colin Mulholland, Esq.
                                 30-97 Steinway, Ste. 301-A
                                 Astoria, New York 11103
                                 Telephone: (347) 687-2019
                                 *Attorney for Plaintiff*